**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————————x | | |
| KING STEEL IRON WORK CORP., | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 7:24-06995-NSR |
| -against- | : | |
| | : | |
| QSR STEEL CORPORATION, LLC, LMV II | : | |
| MMP HOLDINGS, LP, PHILADELPHIA | : | |
| INDEMNITY INSURANCE COMPANY, GLENN | : | |
| SALAMONE, DAVID RUSCONI, MARC | : | |
| MANTIA, ABC COMPANY NO. 1 THROUGH | : | |
| 100, AND JOHN DOE NO. 1 THROUGH 100 | : | |
| | : | |
| Defendants; | : | DECEMBER 4, 2024 |
| | : | |
| ————————————————————x | | |

**MOTION FOR TRANSFER OF VENUE**
**PURSUANT TO 28 U.S.C. §1412 AND FED. R. BANKR. P. 7087**
**OR IN THE ALTERTNATIVE PURSUANT TO 28 U.S.C. § 1404(a)**

QSR STEEL CORPORATION, LLC ("QSR Steel" or "Debtor"), by its undersigned

counsel, hereby moves to transfer venue of this removed proceeding to the United States

Bankruptcy Court for the District of Connecticut (the "<u>Bankruptcy Court</u>") for

administration under QSR Steel's Chapter 11 case, Case No. 24-20562(JTT) (the "<u>Chapter</u>

<u>11 Case</u>"), or alternatively, to the United States District Court for the District of

Connecticut, where it is expected it would be referred to the Bankruptcy Court under the

Order of Referral of the United States District Court for the District of Connecticut, dated

September 21, 1984 (Daly, C.J.).  **King Streel Iron Work Corp. consents to the relief**

**requested herein**.

In support of this motion, the Debtor respectfully represents.

See page 12

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __12/5/2024__

1

## PROCEDURAL BACKGROUND

1. On June 18, 2024 (the "Petition Date"), QSR Steel filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with the Clerk of the Bankruptcy Court, bearing Case No. 24-20562 (JJT) (the "Bankruptcy Case"). QSR Steel continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1184 and 1186(b) of the Bankruptcy Code. George Purtill, Esq. has been appointed the Subchapter V Trustee in the Bankruptcy Case.

2. At the time of commencement of the Bankruptcy Case, a state court civil action under the caption *KING STEEL IRON WORK CORP. V. QSR STEEL CORPORATOIN, LLC*, ET AL, and with the Index No. 59035/2021 (the "Civil Action"), was pending before State of New York Westchester Supreme Court, (the "State Court"). In the Civil Action, QSR Steel is a defendant and QSR Steel's principals, Glenn Salamone and David Rusconi, are named as co-defendants.

3. In the Civil Action, King Steel Iron Work Corp. ("King Steel") asserts certain claims against QSR Steel pursuant to a Construction Agreement in connection with the installation and erection of stairs, platforms and other structural steel materials and stairs at a construction project located at 9 Mitchell Place, 131 Mamaroneck Avenue, White Plains, New York 10651. King Steel asserts it was not paid for services performed and asserts that it recorded a mechanic's lien that was substituted with a Mechanic's Lien Discharge Bond with QSR Steel as Principal and Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") as Surety. King Steel asserts a claim for foreclosure of the Mechanic's Lien against QSR Steel and Philadelphia Indemnity, claims for breach of contract, account stated, unjust enrichment, quantum meruit, and violation of New York Prompt Payment Act against QSR Steel, and a claim

for diversion of trust funds against QSR Steel, Glenn Salamone, David Rusconi and Marc Mantia.

4.    In the Civil Action, QSR Steel asserted a counterclaim for breach of contract against Kings Steel.

5.    King Steel's claims are directly against QSR Steel or are so related to QSR Steel or its Bankruptcy Case that bankruptcy and supplemental jurisdiction may be properly exercised over them.

6.    On September 16, 2024, QSR Steel, by its counsel, filed a Notice of Removal of the Civil Action to this court, the United States District Court for the Southern District of New York (the "SDNY Court"), pursuant to 28 U.S.C. §§ 1452(a), 1334(b) and 157(a) and Fed. R. Bankr. P. 9027.   The matter was assigned Case No. 7:24-cv-06995.

7.    QSR Steel subsequently filed a copy of the Notice of Removal with the State Court pursuant to Rules 9027(b) and (c) of the Federal Rules of Bankruptcy Procedure.

8.    By this motion, QSR Steel now seeks to transfer the Civil Action to the Bankruptcy Court or the District of Connecticut.

## RELIEF REQUESTED

9.    QSR Steel seeks an order transferring the venue of the Civil Action, now before this Court as a removed action, to the Bankruptcy Court pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 7087.

## BASIS OF RELIEF REQUESTED

A.    *Procedure for Transfer after Removal*

10.    As one well-respected bankruptcy treatise has observed:

> … when an action has been commenced in a state court and removed to a federal court in a judicial district different from the one in which an umbrella bankruptcy case is pending, a litigant … frequently moves under 28 U.S.C. § 1412 to transfer

> the action to the forum in which the umbrella bankruptcy case
> is pending.

10 COLLIER ON BANKRUTPCY ¶7087.02, at p. 7087-13 (Richard Levin & Henry

Sommer eds., 16th ed. 2021).  In this paradigm, "[s]everal of the more recent cases … have

used a helpful definitional structure, referring to the forum in which the underlying

bankruptcy case is pending as the 'home court,' and referring to their own courts, to which

the state court action was removed, as the 'local court' or 'outpost court'." *Id.* at p. 7087-14.

  11. The transfer of cases and civil proceedings under title 11 of the United States

Code, *i.e.*, the Bankruptcy Code, is governed by 28 U.S.C. § 1412, which provides

> A district court may transfer a case or proceeding under title 11
> to a district court for another district in the interest of justice or
> the convenience of the parties.

  12. When the removal of a state court action is effected with a view to

transferring it to a bankruptcy court in a district other than the district where the state court

action is pending, two steps must be followed:

> First, a state court action subject to removal under 28 U.S.C. §
> 1452(a) must be removed to the district court in the district
> where the state court action is pending by filing a notice of
> removal. 28 U.S.C. § 1452(a); Fed. R. Bankr.P. 9027(a)(1).
> Second, a motion to transfer must be filed requesting the
> transfer of the litigation to the desired bankruptcy court in the
> other district. 28 U.S.C. § 1412; Fed. R. Bankr.P. 7087.

*In re Advance Iron Works, Inc.*, 495 B.R. 404, 408 (Bankr. S.D. Ill. 2013).  *See also*

*Renaissance Cosmetics, Inc. v. Development Specialists Inc.*, 277 B.R. 5, 11 (S.D.N.Y.

2002).  For the second step, the transfer may be made directly to the Bankruptcy Court

pursuant to 28 U.S.C.§ 157(a) and the Order of Referral of the United States District Court

for the District of Connecticut, dated September 21, 1984 (Daly, C.J.)).  *See* ; *U.S. Vision,*

*Inc. v. AS IP Holdings, Inc*, 2012 WL 243358, at *6 (D.N.J. Jan. 25, 2012) (transferring case

directly to bankruptcy court under 28 U.S.C. § 1412); *Hacienda Heating & Cooling, Inc. v. United Artist Theatre Circuit, Inc.*, 2009 WL 8238063, at *3 (D. Ariz. Mar. 31, 2009) (transferring venue of action directly to bankruptcy court in another district in the absence of an objection); *Marroquin v. Taylor Bean & Whitaker Mortg. Corp.*, 2013 WL 1703867, at *3 (Bankr. W.D. Tex. Apr. 19, 2013) (transferring case that had been removed from the Texas state court to the bankruptcy court in which the chapter 11 case was pending). *But see Tang v. Citic Capital Holdings, Ltd.*, 2022 WL 6036573, at *9 (D.N.J. Oct. 7, 2022) (while recognizing efficiency of a direct transfer to bankruptcy court, court viewed guidance from Third Circuit as requiring transfer to district court in district where bankruptcy case was pending)

  B. *Applicability of 28 U.S.C. § 1412*

  13. Although some courts construe 28 U.S.C. § 1412 to apply only to "core" proceedings, *see Tutlex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32,35 (S.D.N.Y. 2000), and even more narrowly, only to cases or proceedings "arising under title 11," *Zohar CDO 2003-1, Ltd. v, Patriarch Partners, LLC,* 620 B.R. 456, 461-62 (S.D.N.Y. 2020); *Multibank Inc. v. Access Global Capital, LLC*, 594 B.R. 618, 622 (Bankr. S.D.N.Y. 2018), the better view and the one that appears to be endorsed by Collier's treatise, is that even civil proceedings that fall within a bankruptcy court's "related to" jurisdiction may be transferred under 28 U.S.C. § 1412. *See* 1 COLLIER ON BANKRUPTCY ¶4.05[2], at p. 4-33-34 ((Richard Levin & Henry Sommer eds., 16th ed. 2021) ("[s]ome cases hold that section 1412 applies only to core proceedings, a result that finds no support in the statute, while a number of courts have held that motions to transfer the venue of civil proceedings should be solely governed by section 1412"). *See also TitanUrbi21, LLC v. GS Oilfield Services, LLC*, 2020 WL 5066943, at *3 (N.D. Texas, Amarillo Division Aug. 27, 2020) (following *Leal v. Bednar*, 2017 WL 565176, *2 (N.D.

Tex. Feb. 13, 2017), which in turn, followed *Marquette Transp. Co. v. Trinity Marine Prod., Inc.*, 2006 WL 2349461, *4 (E.D. La. Aug. 11, 2006)); *Gibbs v. Rees*, 2018 WL 1460705, at *9-10 (E.D. Va. Mar. 23, 2018); *Yolo Capital, Inc. v. Normand*, 2018 WL 576316, at *2 (W.D.N.C. Jan. 26, 2018); *Hilton Worldwide, Inc. Global Benefits Committee v. Caesars Entertainment Corp.*, 532 B.R. 259, 272-73 (E.D. Va. 2015).

14.    It is submitted that the view articulated by the Bankruptcy Court for the Southern District of New York in *Multibank*, and in other cases such as the decision in *Zohar*, is flawed.  This contrary view relies on the words, "proceeding under title 11," in section 1412 to come to the conclusion that only "proceedings ***arising*** under title 11," *i.e.* a proceeding "that asserts causes of action that are created under the Bankruptcy Code," *Multibank*, 594 B.R. at 622, may be subject to transfer under that section.

15.    In support of its position, the *Multibank* court cited three different statutory sections, all of which included the word, "arising," immediately preceding the word, "under,"  to make the point that a "proceeding under title 11" as used in 28 U.S.C. § 1412 must mean that the proceeding must "arise" under title 11.  Yet the word "arising," does not appear in 28 U.S.C. § 1412, and a well-established rule of statutory construction is that "when 'Congress includes particular language in one section of a statute but omits it in another' …," the presumption is "that Congress intended a difference in meaning."  Loughlin v. U.S., 573 U.S. 351, 358, 134 S.Ct. 2384, 2390, 189 L.Ed.2d 411 (2014) (quoting Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)).  Collier's recognizes the force of this crucial omission, but does not mention the above-referenced rule of statutory construction, which gives the interpretation advanced here even more force:

> But section 1412 articulates its coverage differently; the words "case or proceeding under title 11" in section 1412 are further lim-ited only by the single word, "under" – leaving out the word "aris-ing" that precedes "under" in each of 28 U.S.C. §§ 1334(b) 157, and also 28 U.S.C. § 1409. Some might argue that the omission of "under" leads to a contrary result, and that proceedings under title 11" is simply a shorthand for saying that it applies in all cases in which subject matter jurisdiction exists under the bankruptcy-related jurisdictional statute, 28 U.S.C. § 1334.

10 COLLIER ON BANKRUTPCY ¶7087.01, at p. 7087-10 n. 44 (Richard Levin & Henry Sommer eds., 16th ed. 2021). Thus, QSR Steel contends that 28 U.S.C. § 1412 is the applicable section for transferring venue of proceedings that not only arise under the Bankruptcy Code, but that arise in, or are related to, a bankruptcy case.

16.     In the event the Court determines that the general transfer-of-venue statute, 28 U.S.C. § 1404(a), should govern those aspects of the Civil Action that would fall under the Bankruptcy Court's "related to" jurisdiction, *see e.g. ICICI Bank Limited v. Essar Global Fund Limited*, 565 B.R. 241, 248 (S.D.N.Y. 2017), QSR submits that transfer of the Civil Action to the District of Connecticut for referral to the Bankruptcy Court would be appropriate on the basis that Kings Steel has consented to the transfer. 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division ***to which all parties have consented***) (emphasis added).

C.     *Nature of Claims and Bankruptcy Jurisdiction*

17.     In any event, there is little question that most of the claims asserted in the Civil Action fall within "core" claims and the counterclaim asserted in the Civil Action (or the proceeds thereof) would be property of the estate. The breach of contract, account stated, unjust enrichment, quantum meruit, violation of New York Prompt Payment Act and claim for

diversion of trust funds are core proceedings under 28 U.S.C. § 157(b)(2)(B) (core proceedings include "allowance or disallowance of claims against the estate"). Similarly, since Kings Steel filed proofs of claim against the estate, the Counterclaims constitute core proceedings as well. 28 U.S.C. §157(2)(C) ("counterclaims by the estate against persons filing claims against the estate"). Moreover, the foreclosure of mechanic's lien claim might have a conceivable effect on the Debtor. Conceivably, Philadelphia Indemnity could assert claims against the Debtor and the Debtor's principals (including asserting claims on behalf of its recorded UCC financing statement). These principals have filed proofs of claim against the estate for, inter alia, indemnification. And to the extent King Streel seeks liability against the principals, who are co-defendants under the diversion of trust fund claims, their outcome might have a conceivable effect on the bankruptcy estate. Thus, they are "related to" the Chapter 11 Case.

18.    Alternatively, even if all of the claims are not within the Bankruptcy Court's core or even related to jurisdiction, the causes of action in the Civil Action are within the Bankruptcy Court's supplemental jurisdiction under 28 U.S.C. §1367(a), which provides that a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

19.    In *Klein v Civale & Trovato, Inc.* (*In re Lionel Corp.*), 29 F.3d 88, 92 (2d Cir. 1994), the Second Circuit held that bankruptcy courts may invoke the supplemental jurisdiction of §1367(a). This holding has been followed by a number of lower courts in the Circuit to uphold the exercise of supplemental jurisdiction by bankruptcy courts with respect to claims asserted by one non-debtor against another non-debtor. *See Cavalry Construction,*

*Inc. v. WDF, Inc.* (*In re Cavalry Construction, Inc.*), 496 B.R. 106, 112-14 (S.D.NY. 2013). It is submitted that the non-core claims in the Civil Action are so related to the other claims that they form part of the same case or controversy, by reason of which the Bankruptcy Court may exercise supplemental jurisdiction over them.

      D.    *Standards for Transfer of Venue*

      20.      Under 28 U.S.C. §1412, a proceeding may be transferred "in the interest of justice or for the convenience of the parties."

      21.      In determining whether to transfer a proceeding to another district under section 1412, "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *Gulf States Exploration Co. v. Manville Forest Products* (*In re Manville Forest Products Corp.*), 896 F.1384, 1391 (2d Cir. 1990). This presumption has been found to a "strong one." *Campbell v. Williams*, 2015 WL 3657627, at *4 (S.D. Tex. June 12, 2015); *Commonwealth Assisted Living, LLC, Series E v. Vestavia Hills, Ltd.*, 616 B.R. 159, 175 (Bankr. N.D. Ala. 2020) (stating that "'[t]he interests of the bankruptcy estate are paramount,' and these interests create 'the strong presumption in favor of the 'home court.'") (quoting *RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014, at *8, (N.D. Ohio Jan. 29, 2010) (citations omitted)); *Bavelis v. Doukas* (*In re Bavelis*), 453 B.R. 852, 869 (Bankr. S.D. Ohio 2011).

      22.      Collier's has capsulized the factors courts have considered in transferring a proceeding "in the interest of justice" as follows:

        —   economics of estate administration
        —   presumption in favor of home court
        —   judicial efficiency
        —   ability to receive a fair trial

— the state's interest in having local controversies decided within its borders, by those familiar with its laws
— enforceability of any judgment rendered; and
— plaintiff's original choice of forum

10 COLLIER ON BANKRUTPCY ¶7087.02, at p. 7087-16 (Richard Levin & Henry Sommer eds., 16th ed. 2021).  A number of courts "have held that the most important factor to be considered in determining whether to transfer venue of a bankruptcy proceeding under the interests of justice prong is whether the transfer would promote the economic and efficient administration of the bankruptcy estate."  *Id.* at p. 7087-18 n. 22 and accompanying text.

23.     The Debtor submits that a consideration of these factors overwhelmingly favors transfer of the Civil Action to the Bankruptcy Court.  The Debtor is based in Connecticut and thus having the matter litigated in this District, wherein Kings Steel has already retained counsel, would reduce the economics of estate administration.  It cannot be seriously questioned that the Bankruptcy Court would not provide all parties with a fair trial, and any judgment can easily be enforced by domesticating it in the state in which the losing party resides or has assets.  These factors, combined with the presumption that the home court is the appropriate court in which to adjudicate the Civil Action, far outweigh any countervailing factors.

24.     The factors that have been cited for the alternative basis for transfer based on "the convenience of the parties" were capsulized by Collier's as follows:

— location of the plaintiff and defendant
— ease of access to necessary proof
— convenience of witnesses
— availability of subpoena power for unwilling witnesses; and
— expense relating to obtaining witnesses

10 COLLIER ON BANKRUTPCY ¶7087.02, at p. 7087-17 (Richard Levin & Henry

Sommer eds., 16th ed. 2021).

25.     All of these factors support transfer as well.  Debtor and its principals are located in Connecticut, and King Streel, who already has Connecticut counsel, is believed to located in Brooklyn, New York.  Therefore, no party will be inconvenienced by having the Civil Action administered and adjudicated by the Bankruptcy Court and all necessary witnesses should be within the subpoena power of the Bankruptcy Court.

26.     **Most importantly to the above analysis, King Steel consents to the transfer of the Civil Action to the Bankruptcy Court.**

27.     The Debtor respectfully requests that the Court waive the requirement of filing a memorandum of law with this motion, as the factual predicates and legal authorities relied upon for the relief requested in the motion are fully set forth herein.


**WHEREFORE,** the Debtor respectfully requests that the venue of the Civil Action be transferred to the Bankruptcy Court or, in the alternative, to the United States District Court for the District of Connecticut for referral to the Bankruptcy Court, and that the Court grant such other or further relief as it may deem just, equitable and proper.

Dated: Bridgeport, Connecticut
      December 4, 2024

                        PULLMAN & COMLEY, LLC

                      By:/s/ Irve J. Goldman
                          Irve J. Goldman (IG8058)
                          Kristin B. Mayhew (KM9794)
                          Jonathan Kaplan (JK0007)
                          Pullman & Comley, LLC
                          850 Main Street, P.O. Box 7006
                          Bridgeport, CT  06601-7006
                          203 330 2000 Fax: 203 576 8888
                          igoldman@pullcom.com
                          kmayhew@pullcom.com
                          jkaplan@pullcom.com

                          *Counsel for QSR STEEL CORPORATOIN, LLC*

**The Court grants Defendant's motion to transfer of venue to the U.S. Bankruptcy Court for the District of Connecticut. The case shall be transferred without delay. The Clerk of Court need not adhere to Local Rule 83.1 and may transfer the case immediately. The Clerk of Court is also requested to terminate the motion at ECF No. 5.**

**Dated: December 12, 2024**
      **White Plains, NY**

                    SO ORDERED:

                    NELSON S. ROMÁN
                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 4, 2024 a copy of the foregoing Motion for Transfer of Venue Pursuant to 28 U.S.C. §1412 and Fed. R. Bankr. P. 7078, or in the Alternative Pursuant to 28 U.S.C. § 1404(a) was served on the following parties by email and regular mail:

Thomas Blair Gardner
Skolnick Legal Group
18 East 41st Street 6th Floor
New York, NY 10017
Email: tom@skolnicklegalgroup.com

/s/Irve J. Goldman
Irve J. Goldman

13